UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONROE MEYERS                                      CIVIL ACTION

VERSUS                                             NO: 16-1197

SIDDONS-MARTIN EMERGENCY                           SECTION: "S" (5)
GROUP LLC, ALEX STIERLEN,
INDIVIDUALLY, AND ABC AND
XYZ INSURANCE COMPANIES

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Siddons-Martin and Alex Stierlen's Motion to Dismiss plaintiff's Computer Fraud and Abuse Act claim (Doc. #17) is **GRANTED**, and the claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Siddons-Martin and Alex Stierlen's motion to Dismiss plaintiff's invasion of privacy claim (Doc. #18) is **GRANTED**, and the claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Siddons-Martin and Alex Stierlen's Motion to Dismiss plaintiff's defamation claim (Doc. #19) is **DENIED.**

## BACKGROUND

This matter is before the court on defendants' motions to dismiss plaintiff's claims for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(A)(2)(C), invasion of privacy, and defamation. Defendants, Siddons-Martin Emergency Group, LLC and Alex Stierlen, argue that plaintiff's first amended complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief can be granted.

On February 10, 2016, plaintiff, Monroe Meyers, filed this action against Siddons-Martin and Stierlen, alleging that they violated his right to privacy as guaranteed by Article I, Section 5 of the Constitution of the State of Louisiana, and for defamation under Article 2315 of the Civil Code of Louisiana. Defendants, moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Meyers failed to state a claim upon which relief can be granted. In response, Meyers filed his first amended complaint, which added a claim for a violation of the CFAA.

In May 2015, Siddons-Martin hired Meyers as a fire truck mechanic. In July 2015, Stierlen became Meyers's direct supervisor. Siddons-Martin provided to Meyers a company-owned laptop computer, which Meyers claims he was allowed to use for personal communication. Meyers used the computer to access his personal Facebook page, and saved the login credentials on the computer. Meyers used Facebook to communicate his candid feelings regarding people and events with family and friends. Additionally, he posted private and sometimes humorous, photos on Facebook.

On August 3, 2015, Steirlen terminated Meyers from his employment at Siddons-Martin and demanded the return of Siddons-Martin's computer that Meyers used. Meyers alleges that Stierlen used the computer to access Meyers's Facebook page and send "friend" requests to influential members of the local emergency equipment maintenance community, namely, Charles Grimes, Bert McCutcheon, and Chris Ferrara, allowing them to view private content on Meyers's Facebook page. Meyers further alleges that upon being notified of Stierlen's actions, Siddons-Martin refused to take remedial action.

2

Meyers alleges that Stierlen's actions constitute an unauthorized access of a protected computer under the CFAA, caused him to suffer loss, including damage and injury to his professional reputation and loss of re-employment opportunities, resulting in past and future economic damage. Meyers further claims that Stierlen and Siddons-Martin's actions necessitated his having to engage in activities to investigate, respond to, and neutralize these acts resulting in Meyers's having to take valuable time away from his day-to-day activities, causing losses in excess of $5,000.00. Additionally, Meyers claims that Stierlen's actions, in sending the "friend" requests and allowing third parties to access private content on his Facebook page, constitute an invasion of his right to privacy under Article I, Section 5 of the Constitution of the State of Louisiana. As a result of this invasion, Meyers claims that he suffered damage and injury to his reputation, personal humiliation, embarrassment, mental anguish, anxiety and hurt feelings, and past and future economic loss.

Meyers also alleges that in March 2015, Stierlen told Gary Crowe, an individual employed in the emergency equipment maintenance industry, but not by Siddons-Martin, that Meyers was a "nasty person", did "sloppy work", and that he "lacked certification to work on fire trucks." Meyers claims that these statements are false, and that he has always maintained ample professional certification to work on fire trucks and emergency vehicles. Meyers claims that Stierlen's statements were defamatory and meant to, and did, discredit him personally and professionally. Further, Meyers claims that Stierlen's statements wounded his and his family's, sensibilities, and caused him and them mental anguish and suffering. Meyers asserts that he suffered injury to his reputation, personal humiliation, embarrassment, mental anguish, anxiety and hurt feelings, and economic losses, past and future.

**ANALYSIS**

**I.     Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twobly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

**II.    Computer Fraud Abuse Act (Doc. # 17)**

Defendants, argue that Meyers cannot sustain his claims against them under the CFAA because the "damages" and "losses" Meyers alleges are not the type of damages and losses contemplated under the statute.

The CFAA is a criminal statute which makes it illegal to knowingly or intentionally access an authorized computer. See 18 U.S.C. § 1030. Section (a)(2)(C) prohibits accessing a computer without authorization, or exceeding authorized access, in order to obtain information from a

protected computer. Id. at § 1030(a)(2)(C). An employee is deemed authorized to use a computer upon his employer's granting him permission to do so. WEC Carolina Energy Solutions v. Miller, 687 F.3d 199, 204 (4th Cir. 2012). "Exceeds authorized access" "means to access a computer without authorization and to use such access to obtain or alter information in the computer that the access is not entitled to obtain or alter." 18 U.S.C. § 1030(e)(6). CFAA limits the definition of exceeds authorized access "to restrictions on access to information, and not restrictions on its use." United States v. Nosal, 676 F.3d 854, 864 (9th Cir. 2012). "Protected computer" is defined as "a computer which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communications of the United States." 18 U.S.C. § 1030(e)(2)(B). To constitute a violation of § 1030(A)(2) a person must have accessed a computer without authorization or their access must have exceeded their authorized use. United States v. Dimetriace Eva-Lavon John, 597 F.3d 263, 271 (5th Cir. 2010).

In addition, where a violation of the CFAA is alleged to have occurred, the law provides for a civil cause of action. Yoder & Frey Auctioneers, Inc. v. Equipmentfacts, LLC, 774 F.3d 1065, 1072 (6th Cir. 2014). Section 1030(g) of CFAA states:

> (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages.

Subclause (I) of subsection (c)(4)(A)(i) states:

> (i) loss to 1 or more persons during any 1-year period (and for purposes of an investigation, prosecution, or other proceedings brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value.

18 U.S.C. § 1030.

"Damage" is defined as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). "Loss" constitutes "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). Any loss claimed under 1030(c)(4)(A)(i)(I) must be equal to, or greater than, $5,000. A "loss", as contemplated by the CFAA, is only recoverable when it results from an "interruption of service", impairment or unavailability of data, or an unavailability of systems. Nexans Wires S.A. v Sark-USA, Inc., 166 Fed. Appx. 559, 562-563 (2d Cir. 2006). Further, the statute's $5,000 loss requirement relates to costs incurred in connection with "investigating and remedying damage to a computer, or a cost incurred investigating and remedying damage to a computer, or a cost incurred because the computer's service was interrupted." Id. at 563. Any recovery under the statute must be based on costs relating to actual computers or computer services. Id.

Meyers alleges that defendants' unauthorized access caused damage and injury to his professional reputation and loss of re-employment opportunities resulting in past and future economic damage, and losses related to Meyers's actions in investigating, responding to, and neutralizing the acts of the defendants. However, "losses" under CFAA are limited to those

6

incurred due to damage to a computer or because of an interruption in computer services. Id. Because Meyers has not asserted any claims which arise due to actual computer damage or interruption of computer service, he has not alleged a cognizable loss under the CFAA. Thus, Defendant's motion to dismiss Meyers's CFAA claim is GRANTED and that claim is DISMISSED WITH PREJUDICE.

**III.   Invasion of Privacy (Doc. # 18)**

Stierlen and Siddons-Martin, argue that Meyers, cannot sustain a claim of invasion of privacy under Louisiana law because Meyers, by saving his Facebook login information on a computer which was the property of another, has no reasonable expectation of privacy in the information contained on his Facebook account.

Meyers argues that Stierlen's allowing third-parties to access Meyers's private information on Facebook constitutes an unreasonable disclosure of private facts. Meyers alleges that Stierlen's actions were meant to publicly embarrass Meyers, and that Stierlen lacked any legitimate reason for allowing third-parties to access Meyers's private information.

Article I, Section 5 of the Constitution of the State of Louisiana, provides that "every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." The right to privacy embraces four separate and distinct interests: (1) the appropriation of an individual's name or likeness for the use or benefit of the defendant; (2) a defendant's unreasonable intrusion upon the plaintiff's physical solitude or seclusion; (3) publicity that unreasonably places the plaintiff in a false light before the public; and, (4) unreasonable disclosure of embarrassing private facts to the public. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1388 (La. 1979). In Jaubert, the Supreme Court of

Louisiana held that "an actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy right." Id. at 1389. Further, an action can only be sustained when there is a reasonable expectation of privacy. Louisiana v. Ragsdale, 381 So.2d 492, 497 (La. 1980). The test for "reasonable expectation of privacy" is whether a person has an actual or subjective expectation of privacy and whether society as a whole would recognize that right. Id.

Meyers claims that Siddons-Martin allowed him to "use his work laptop for personal communications such as email" and that he also kept access to his Facebook account saved on the computer. Meyers's own assertions indicate that he placed the means to access his Facebook page on a device that he knew belonged to Siddons-Martin. Siddons-Martin's IT Resources and Communications Systems Policy, which is distributed to all employees, states:

1. All computer hardware, computer software, and any electron device and/or system that that can be used for communication, that are used in this Company by any employee, personnel, or other person are Company property. All such devices and/or systems are the sole property of the Company, whether owned, leased, or otherwise. No employee, personnel, or other person of this Company acquires any right or interest of any time in any such device and/or system whatsoever, under any circumstances.

2. It is not the intent or desire of the Company to grant or imply to any employee or other personnel any right or expectation of privacy, privilege, or confidentiality in their use of any such device and/or system.

3. You are expressly advised that in order to prevent misuse, Company reserves the right to monitor, intercept and review, without further notice, every employee's activities using the company's IT resources and communications systems, including internet and social media postings.

> 4. Do not use the company's IT resources and communications systems for any matter that you desire to be kept private or confidential from the company.

Meyers acknowledges that he placed the access to his Facebook account on a computer that was owned by Siddons-Martin. Meyers does not indicate that he took any affirmative steps to protect access to his Facebook account, despite having knowledge that the computer was not his, and could have been accessed by Siddons-Martin at any time. Siddons-Martin's IT policy expressly states that it is not the company's intent or desire to grant or imply to any employee or personnel any right or expectation of privacy, privilege, or confidentiality in their use of any such device or system. Thus, Meyers could have had no expectation that any activities he conducted on his work computer would have been private. Therefore, Meyers cannot sustain an action for invasion of privacy. Defendants' motion to dismiss Meyers's invasion of privacy claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

## IV.  Defamation (Doc. # 19)

Defendants argue that Meyers's defamation claim should be dismissed because Steirlen's, statements, particularly that Meyers was a "nasty person" did "sloppy work", and "lacked certification to work on fire trucks" were unambiguously subjective opinions in the nature of hyperbole. Defendants assert that such statements are not expressions of truth or fact, nor would any reasonable person assume that the statements were expressions of truth or fact. Thus, the statements are not actionable as a defamation claim.

Meyers, citing Fitzgerald v. Tucker, 737 So.2d 706 (La. 1999), asserts that statements of opinion can be actionable "if their expression implies the existence of underlying facts ascertainable by a reasonable person and that these implied factual assertions are false, defamatory

9

and made with actual malice." Meyers argues that Stierlen's statements to Crowe, a fellow fire equipment maintenance technician, that Meyers did "sloppy work" and "lacked the necessary certification to work on fire trucks", constituted the type of false and damaging claim contemplated in Fitzgerald.

Defamation is a tort involving "the invasion of a person's interest in his or her reputation and good name." Costello v. Hardy, 864 So.2d 129, 139 (La. 2004). Establishing a cause of action for defamation requires four elements: "(1) a false or defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." Id. (quotations omitted). The jurisprudence often defines the fault requirement as either actual or implied malice. Id. (citations omitted). "Thus, in order to prevail on a defamation claim, a plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." Id. at 139-140 (quotations omitted).

"Defamatory words" are defined as "words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose them to contempt or ridicule." Id. at 140 (citations omitted). Words that "convey an element of personal disgrace, dishonest, or disrepute are defamatory." Id. (citation omitted). However, a pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation, because "falsity is an indispensable element of any defamation claim and a purely subjective statement can be neither true nor false." Bussie v. Lowenthal, 535 So.2d 378, 381 (La. 1988) (internal citation omitted).

"Whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court." Costello, at 140. This "question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense." Id. (citation omitted).

Louisiana jurisprudence classifies defamatory words as either defamatory per se or words that are susceptible of a defamatory meaning. Id. Words that "by their very nature tend to injury one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory per se." Id. (citation omitted). Once per se defamation has been proved, the elements of falsity, malice (or fault), and injury are presumed, but may be rebutted by the defendant. Id. (citation omitted).

When the words at issue are not defamatory per se, but rather are susceptible of a defamatory meaning, the plaintiff must prove, in addition to defamatory meaning and publication, the elements of falsity, malice (or fault), and injury. Id. (citation omitted). Publication occurs when words are communicated to a third party absent privilege. Id. at 142. Malice, or fault, "is a lack of reasonable belief in the truth of the statement giving rise to the defamation." Id. at 143. (citations omitted). "The injury resulting from a defamatory statement may include nonpecuniary or general damages such as injury to reputation, personal humiliation, embarrassment and mental anguish even when no special damage such as loss of income is claimed." Id. at 141 (citations omitted).

Stierlen's alleged statements that Meyers did "sloppy work" and was "a nasty person" are purely subjective statements based Stierlen's opinions. The alleged statements, made two months before Meyers began working for Siddons-Martin and four months before Steirlen became

11

Meyers's supervisor, do not contain an express or implied underlying existence of fact. Therefore, these statements are neither true nor false and cannot give rise to an action in defamation.

Stierlen's alleged statement that Meyers "lacked the necessary certification to work on firetrucks", is an objective statement, and Crowe might have assumed that Stierlen made this statement based on actual facts known to him.  Meyers claims that this statement is per se defamatory because it relates to his profession.  However, the statement does not imply that Meyers lacks integrity, or has been disgraced or the subject of disrepute.  Although Stierlen's statement calls into question Meyers's skill as a mechanic and may diminish his reputation with respect to his profession, the statement does not contain the kind of words that by their very nature would tend to injure Meyers's professional reputation without considering extrinsic facts and surrounding circumstances.   Particularly, it is necessary to consider whether the statement is true. Thus, these words are not defamatory per se, and Meyers must prove all of the elements of the defamation claim. See Costello, 864 So.2d at 141-42 (finding that malpractice allegations against an attorney could damage the attorney's professional reputation, but did not constitute defamation per se because there was no implication that the attorney lacked integrity or acted unethically). Meyers has alleged that the statement is false and defamatory, was published to a third party with malice or other fault and resulted in injury.   Discovery is necessary to determine whether Meyers can prevail on this claim.   Therefore, defendants' motion to dismiss Meyers's defamation claim is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Siddons-Martin and Alex Stierlen's Motion to Dismiss plaintiff's Computer Fraud and Abuse Act claim (Doc. #17) is **GRANTED**, and the claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Siddons-Martin and Alex Stierlen's motion to Dismiss plaintiff's invasion of privacy claim (Doc. #18) is **GRANTED**, and the claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Siddons-Martin and Alex Stierlen's Motion to Dismiss plaintiff's defamation claim (Doc. #19) is **DENIED.**

New Orleans, Louisiana, this   23rd   day of September, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**