UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONROE MEYERS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-1197** |
| **SIDDONS-MARTIN EMERGENCY GROUP LLC, ALEX STIERLEN, INDIVIDUALLY, AND ABC AND XYZ INSURANCE COMPANIES** | **SECTION: "S" (5)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Siddons-Martin Emergency Group LLC and Alex Stierlen's Motion to Dismiss (Doc. #22) is **GRANTED.**

BACKGROUND

This matter is before the court on defendants' motions to dismiss plaintiff's defamation claim. In this case, subject matter jurisdiction was based on 28 U.S.C. § 1331 because plaintiff, Monroe Meyers, asserted a claim that arose under federal law. That claim has been dismissed. Thus, defendants, Siddons-Martin Emergency Group LLC and Alex Stierlen, argue that this court should decline to exercise supplemental jurisdiction over plaintiff's remaining state law defamation claim.

In May 2015, Siddons-Martin hired Meyers as a fire truck mechanic. In July 2015, Stierlen became Meyers's direct supervisor. Siddons-Martin provided to Meyers a company-owned laptop computer, which Meyers claims he was allowed to use for personal communication. Meyers used the computer to access his personal Facebook page, and saved the login credentials on the computer. Meyers used Facebook to communicate his candid feelings regarding people and events with family and friends. Additionally, he posted private and sometimes humorous photos on Facebook.

1

On August 3, 2015, Steirlen terminated Meyers from his employment at Siddons-Martin and demanded the return of Siddons-Martin's computer that Meyers used. On February 10, 2016, Meyers, filed this action against Siddons-Martin, alleging that Stierlen violated his right to privacy as guaranteed by Article I, Section 5 of the Constitution of the State of Louisiana by using the computer to access Meyers's Facebook page and send "friend" requests to influential members of the local emergency equipment maintenance community allowing them to view private content on Meyers's Facebook page. Meyers asserts a claim for defamation under Article 2315 of the Civil Code of Louisiana based on comments that Steirlen allegedly made about him in March 2015. Meyers alleges that Siddons-Martin is liable for Stierlen's actions.  In the original complaint, Meyers asserted that this court had original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties were diverse and there was more than $75,000 in controversy.

Siddons-Martin moved to dismiss the original complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Meyers failed to state a claim upon which relief can be granted. In response, Meyers filed his first amended complaint, which added Stierlen as a defendant and added a claim for a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C). Both Meyers and Stierlen are citizens of Louisiana. Thus, Stierlen's presence as a defendant in this matter destroyed diversity. However, the addition of the CFAA claim gave this court subject matter jurisdiction under 28 U.S.C. § 1331, which provides that district courts shall have jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Further, as provided by 28 U.S.C. § 1367, the court also had subject matter jurisdiction over the plaintiff's pendent state law claims.   Meyers's filing the first amended complaint rendered moot Siddons-Martin's first motion to dismiss.

Thereafter, Siddons-Martin moved to dismiss Meyers's first amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Meyers failed to state a claim upon which relief can be granted. On September 23, 2016, the court granted the defendants' motions to dismiss Meyers's CFAA and invasion of privacy claims. However, the court denied the defendants' motion to dismiss Meyers's defamation claim finding that further discovery was warranted.

On October 18, 2016, defendants filed the instant motion, seeking dismissal of Meyers's remaining defamation claim. Defendants argue that this court should decline to exercise supplemental jurisdiction over this state law claim because the claim over which this court had original federal question subject matter jurisdiction, the CFAA claim, has been dismissed. Defendants assert that the case is in its infancy, that the court has not yet entered a scheduling order, the parties have not yet engaged in any discovery, and that the Meyers's sole basis for original subject matter jurisdiction in this court has been dismissed. As such, defendants argue that Meyers's remaining defamation claim should be dismissed, and allowed to proceed in state court.

Meyers argues that the court should retain jurisdiction over his remaining defamation claim, because the court is familiar with the nature of this dispute having ruled on the defendants' prior motion to dismiss and that the remaining defamation claim does not present a novel issue of state law. Finally, Meyers argues that dismissal would be unfair because his defamation claim would be prescribed in state court.

## ANALYSIS

Section 1367(a) empowers federal district courts to hear state law claims, in any civil action, which are related to an accompanying federal claim, over which the court has original jurisdiction. Under 28 U.S.C. § 1367(a), in order for a federal court to exercise supplemental

jurisdiction over an accompanying state law claim, both the federal and state claims must "derive from a common nucleus of operative facts", such that the claims would ordinarily be tried together. Mine Workers v. Gibbs, 86 S.Ct. 1130 (1966). However, an exception is provided under section 1367(c), which states that a federal district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In deciding whether a district court should retain jurisdiction over pendent state law claims, the court should consider the factors set forth by 28 U.S.C. § 1367(c), and the common law factors of judicial economy, convenience, fairness, and comity, with no singular factor being dispositive. Enochs v. Lampasas Cnty., 641 F.3d 155, 159 (5th Cir. 2011). As a general rule, the court should dismiss state claims when the federal claims to which they are pendent are dismissed. Id. at 161. (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)), see also Carnegie-Mellon Univ. v. Cohill, 108 S.Ct. 614, 619 (1988). The court should consider the length of time a matter has been pending in federal court, whether discovery had been completed, and whether the district court judge had substantial familiarity with the merits of case. Brookshire Bros. Holding v. DayCo Prods., Inc., 554 F.3d 595, 603 (5th Cir. 2009).

  This case was filed on February 10, 2016. There have been no scheduling orders issued, nor have the parties begun the discovery process. Further, following the dismissal of the Meyers's CFAA claim, there remain no pending federal law claims. In Brookshire, the United States Court of Appeals for the Fifth Circuit, held that a matter, which had been pending in district court for nine months, where discovery had not yet been conducted, and where all federal claims had been

4

dismissed, should have been dismissed and allowed to proceed in state court. The court indicated that trying the remaining claim in state court would not impose any significant burden on the parties such as repeating the effort and expense of discovery, that possible relitigation of procedural matters would not impose an undue hardship, and that the remaining state law issue was one best left to the state court. Further, the court indicated that in failing to dismiss, the district court had abused its discretion by retaining jurisdiction over the remaining state law claims. Brookshire, 554 F.3d at 603 (citing Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.3d 580, 587-90 (5th Cir. 1992)). The facts of the present case, which closely mirror those of Brookshire, suggest that dismissal of the remaining defamation claim is appropriate.

Meyers argues that dismissal of his defamation claim will deny him the opportunity to pursue that claim in state court because the claim would be prescribed if it were to be dismissed from this court. Defamation is a tort under Louisiana law and subject to the one-year prescriptive period for delictual actions set forth in Louisiana Civil Code article 3492. Zeigler v. Housing Auth. of New Orleans, 118 So.3d 442, 455 (La. Ct. App. 2013). Article 3492 provides that "prescription commences to run from the day injury or damage is sustained." La. Civ. Code. Art. 3492. The statements forming the basis of Meyers's remaining defamation claim were allegedly made in March 2015. Meyers's claims that the statements immediately damaged his reputation and caused him humiliation, embarrassment, mental anguish, anxiety, hurt feelings, and economic losses. Thus, ordinarily Meyers's defamation claim would be prescribed as of March 2016. However, prescription was interrupted when Meyers filed this suit on February 10, 2016. See La. Civ. Code art. 3462. Prescription continues to be interrupted while this suit is pending. Id. at art. 3463. When "prescription is interrupted, the time that has run is not counted[,]" and [p]rescription commences to run anew from the last day of interruption." Id. at art. 3466. In Allo v. Horne, 636 So.2d 1048,

1052 (La. Ct. App. 1994), the Louisiana Court of Appeal, Fifth Circuit found that a timely filed federal suit served to interrupt prescription of a plaintiff's state law claims. Thus, Meyers's defamation claim is not prescribed and he can bring it in state court. Therefore, defendants' motion to dismiss Meyers's claim for defamation is GRANTED, and that claim is DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Siddons-Martin and Alex Stierlen's Motion to Dismiss plaintiff's defamation claim (Doc. #22) is **GRANTED**.

New Orleans, Louisiana, this __3rd__ day of February, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**